```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN THE MATTER OF A DEPOSITION SUBPOENA
SERVED IN: In re MP REORGANIZATION

Pending in the United States Bankruptcy
Court for the District of Nevada
Case No. 22-14422-NMC

ERIC BRAHMS,

                         Movant,

            - against -

EMPERY TAX EFFICIENT, LP,

                         Respondent.

---

**24 Misc. 549**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

        Before the Court is a motion brought by Eric Brahms ("Brahms" or "Movant") to quash a subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Dkt. No. 2.) Brahms seeks an order quashing a subpoena issued in connection with an action pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Proceeding"), by Empery Tax Efficient, L.P., ("Empery" or "Respondent"). Also before the Court is an Emergency Motion to Compel filed by Empery, seeking to compel Brahms to comply with the subpoena by sitting for a deposition scheduled for December 2, 2024, and produce certain documents in advance of a preliminary injunction hearing scheduled for December 6, 2024. (Dkt. No.

1

6.) For the reasons stated below, Brahms's motion to quash is
DENIED and Empery's motion to compel is GRANTED.

## I.    BACKGROUND

The Court will only recap the facts related to the
underlying Bankruptcy Proceeding that are germane to the
instant motions. On November 14, 2024, the Honorable Natalie
Cox of the United States Bankruptcy Court of the District of
Nevada entered a Temporary Restraining Order ("TRO") against
certain parties and non-parties in the bankruptcy action. See
Temporary Restraining Order, In re MP Reorganization, No. 22-
14422-nmc, (Bankr. Nev. Nov. 14, 2024) (the "TRO"), Dkt. No.
1262. The TRO specifically enjoins certain individuals,
including Brahms, from harassing or intimidating Empery and
any witness in this case, from coming within twenty miles of
the residences of certain parties and non-parties in the
Bankruptcy Proceeding, and from coming within a reasonable
distance of Empery's corporate offices located in New York.
TRO at 4-5. The TRO further ordered an in-person hearing on
a preliminary injunction on December 6, 2024. Id.

On the same day, Empery filed a notice of deposition of
Brahms on the bankruptcy docket scheduled for December 2,
2024. See Notice of Deposition of Eric Brahms, In re MP
Reorganization, Dkt. No. 1263. The reason Empery seeks to
depose Brahms is because Brahms purportedly assisted in the

2

conduct that is potentially subject to an injunction at the December 6 hearing. See Ex Parte Application for Leave of Court to Serve Subpoena on Eric Brahms by Alternative Service, In re MP Reorganization, Dkt. No. 1275. On November 20, 2024, Empery filed an application for leave to serve Brahms the subpoena by alternative service. Id. Empery claimed in its application that personal service was impracticable because Brahms had been "purposefully evading personal service." Id. On November 21, 2024, The Bankruptcy Court granted the application. See Order, In re MP Reorganization, Dkt. No. 1280. On that same day, Empery served the subpoena on Brahms. (Dkt. No. 3 at 1.)

On November 26, 2024, Brahms filed the instant Motion to Quash the Subpoena. (Dkt. No. 2.) On November 29, 2024, Empery filed an Emergency Motion to Compel the Testimony and Production of Documents from Brahms. (Dkt. No. 6.) That same evening, Brahms filed an Opposition to the Motion to Compel and a reply in further support of their motion to quash. (Dkt. No. 11.) On November 30, 2024, Empery filed a reply. (Dkt. No. 12.)

## II.  DISCUSSION

A. Legal Standard

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that "on timely motion, the court for the district

3

where compliance is required must quash or modify a subpoena
that: (i) fails to allow a reasonable time to comply . . .
or, (iv) subjects a person to undue burden." Fed. R. Civ. P.
45(d)(3)(A).  On a motion to quash, "the party issuing the
subpoena must demonstrate that the information sought is
relevant and material to the allegations and claims at issue
in the proceedings." Shaw v. Arena, No. 17 Misc. 448, 2018 WL
324896, at *1 (S.D.N.Y. Jan. 3, 2018). Upon establishing
relevance, "the movant bears the burden of demonstrating an
undue burden." Griffith v. United States, No. M8-85, 2007 WL
1222586, at *2 (S.D.N.Y. Apr. 25, 2007). In determining
whether a subpoena subjects a witness to undue burden, a court
must balance "the interests served by commanding compliance
with the subpoena against the interests furthered by quashing
it; this process of weighing a subpoena's benefits and burdens
calls upon the trial court to consider whether the information
is necessary and whether it is available from any other
source." Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co.
Americas, 262 F.R.D. 293, 300 (S.D.N.Y. 2009).


   B. Analysis

In its motion to quash, Brahms argues that the deposition
subpoena fails to allow a reasonable time to comply and is
unduly burdensome. (Dkt. No. 3 at 4-7.)

The subpoena to appear for the deposition was served on November 21, 2024, giving Brahms and his counsel an 11-day timeline to comply. Rule 45 does not define a "reasonable time to comply," but courts in the Second Circuit have found "fourteen days to be 'presumptively unreasonable, whereas notice of a week or less has generally been considered unreasonable." Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC, 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020).

Given the exceptional circumstances related to the preliminary injunction hearing scheduled for December 6 in the Bankruptcy Proceeding, the Court is not convinced that the 11 day timeline is unreasonable. While the preliminary injunction hearing could hypothetically be postponed to a later date, the Court does not have enough information regarding the parties' positions on continuing the hearing. In light of the serious allegations that the hearing will address, this Court is not willing to put indirect pressure on another federal court to alter its schedule. As a matter of law, 11 days is not presumptively unreasonable and the circumstances surrounding this subpoena demonstrate that the subpoena compliance timeline is not only reasonable but

necessary to effectively litigate the motion for a preliminary injunction.

Moreover, the subpoena is not unduly burdensome. During the TRO hearing, evidence was presented that showed Brahms playing a key role in serving a subpoena, as a form of purported harassment, on the wife of an officer of Empery. (Dkt. No. 8-5 at 43.) Brahms's role was extensively discussed during the hearing and the language in the TRO specifically references Brahms. It is evident that Brahms likely contains discoverable information relevant and necessary to the preliminary injunction hearing. The Court will not weigh into whether the Bankruptcy Court has jurisdiction over preliminary injunction hearing because the only question the Court is required to decide is whether the "information sought is relevant and material to the allegations and claims at issue in the proceedings." Shaw 2018 WL 324896, at *1. The information sought is undoubtedly relevant and material to the allegations at issue in the preliminary injunction proceedings scheduled for December 6, 2024.

### III. ORDER

Empery's motion to compel (Dkt. No. 6) is GRANTED. Brahms's motion to quash the subpoena (Dkt. No. 2) is DENIED.

**SO ORDERED.**

Dated:      30 November 2024
            New York, New York

                                                   _____
                                                    Victor Marrero
                                                      U.S.D.J.